BEALL v. WEST *et al.*

1. JUDGMENT: JOINT OBLIGATION: MERGER. A decree in foreclosure which finds and determines the order and amount of the several liens on the mortgaged premises, and finds and adjudges that there is due from a firm of which the mortgagor is a member, to another defendant, a certain sum on a copartnership note, secured by a junior mortgage, and orders a sale of the mortgaged property for the payment of the same, without giving the holder a full and complete remedy against such mortgagor, does not operate to discharge the other joint obligors.

*Appeal from Dubuque City Court.*

WEDNESDAY, APRIL 9.

THE material facts are sufficiently stated in the opinion of the court.

*John H. O'Niell* and *John L. Harvey* for the appellant.

I. The judgment against West, and in favor of Beall, in the case of Richard Bonson v. George R. West & Co., released the defendants, Power and Spaulding, from liability on the note, and was a bar to this action. *Robertson* v. *Smith et al.*, 18 John. 459 ; *Beltshover* v. *The Commonwealth*,

1 Watts, 126; *Williams et al.* v. *McFall et al.*, 2 S. & Rawle, 230; *Downey* v. *The Farmers' and Mechanics' Bank, of Greencastle,* 13 S. and R. 288; *Gibbs* v. *Bryant,* 1 Pick. 118, 121; *Ward* v. *Johnson,* 13 Mass. 148; *Perry* v. *Martin et al.,* 4 John. Ch. 566.

II. It can make no difference that the judgment pleaded was rendered by a court of chancery, in an equitable proceeding. Such a decree is as effectual, as a bar, as the judgment of a court of law. *Winans* v. *Dunham,* 5 Wend. 47; *Gaines, Administrator,* v. *Strode,* 5 Litt. 314; *The United States* v. *Nourse,* 9 Pet. 8, 28; *Thompson* v. *Clay,* 3 Monroe, 359.

III. The court which rendered the judgment in the suit pleaded in bar had, by statute, the powers both of a court of law and equity, and could foreclose the mortgage and render a judgment for the debt, and award execution against the property of the debtor generally. Code of 1851, chap. 118; *Kramer* v. *Rebman,* 9 Iowa, 114.

*Cooley, Blatchley & Adams,* for the appellee contended:

1. There was no judgment rendered in the foreclosure suit against West, personally, but merely a judgment of foreclosure against the mortgaged property. 2. West, Powers & Co., could not have been properly joined in the foreclosure proceeding. *Sands* v. *Wood,* 1 Iowa, 263; 3. That while a decree for the amount found due, and a judgment on the bond, may be had at the same time, but one can be enforced. *Knetzer* v. *Bradstreet,* 1 G. Greene, 382; *Cooley et al.* v. *Hobart,* 8 Iowa, 358.

BALDWIN, C. J. — This action is upon a promissory note, signed by the defendants in their firm name, and under style of West, Powers & Co., and payable to Hezekiah Beall, the assignor of plaintiff. The defendants, Powers and Spaulding answered separately, and the only portion of

their defense which it is material now to refer to, is that which denies the plaintiff's right to recover, for the reason that in a certain case in the Dubuque District Court, wherein one Bonson was complainant, and the said Beall and West and others were respondents, the said Beall claimed and obtained a judgment against said West for the amount of said note, whereby Powers and Spaulding were discharged from all liability thereon.

The defendant West, answered separately, from which it appears, that, to secure the payment of said partnership note, West and wife had executed to said Beall, a mortgage on certain real estate, which had been purchased by West from Bonson, and for which West had only a bond for a deed. West further states in his answer, that Beall had brought his action of foreclosure, and had obtained a decree for the sale of the property so mortgaged, with an order that the proceeds of such sale be applied to the payment of the note so secured; and that by reason of such proceeding, he, West, was discharged from further liability. Powers and Spaulding plead specially the Bonson decree, and West plead specially the Beall decree, as a bar.to the right of plaintiff to recover.

It may be here remarked that West does not appeal, and the fact that Beall had obtained a decree of foreclosure against West, as set up by him in his special answer, is not a matter of defense by the appellants. The decree in the Bonson case is the only one relied upon, as showing that they were released from liability on said note.

It appears from the record introduced in evidence, that Bonson filed his bill in equity for the purpose of enforcing against West a vendor's lien upon the premises mortgaged by West to Beall. West, Beall, and other incumbrancers, were made parties defendant to this bill, for the purpose of declaring the priority of the several liens on said lands. In the final decree in this Bonson case, after reciting that

there is so much due by West to Bonson, and the complainant recover, &c., the following appears as part of the same entry : " And that Hezekiah Beall, have and recover of the said George R. West, the sum of two thousand nine hundred dollars, (the amount of the note signed by said firm,) and that the property be sold," &c.   The court refused to instruct the jury at the request of the defendants, that if they believed from the evidence that a decree was rendered by the District Court in favor of Hezekiah Beall on the same identical note, against George R. West, one of the firm of West, Powers & Co., prior to the commencement of this suit, in the case of *Bonson* v. *West, Beall et al.*, then the plaintiff is not entitled to recover. The refusal of the court to give. this instruction is the only ruling the appellants can rely upon for a reversal. The position assumed by counsel for appellants is, that a judgment against one of the several joint obligors is an extinguishment or merger of the original liability; that the holder of a joint note by taking a judgment against one of the joint makers, releases the other co-obligors, and trusts to the new and higher security, — the judgment.

The first question to be disposed of is, whether Beall ever obtained a judgment against West, one of the co-obligors.   If not, the appellant's defense falls to the ground. It will be recollected that Bonson brought his proceeding to enforce against West a vendor's lien. Beall was a mortgagee under West, Bonson's vendee. Beall was not the complainant. He did not institute any proceeding to recover upon the note given him by West, nor did he, in his answer to Bonson's claim, ask a judgment against his co-defendant, West. In the decree, the amount due by West to the complainant and to Beall is stated, and the property mortgaged ordered to be sold, — the proceeds to. be applied, first, to the payment of the purchase money ; second, to the payment of the amount secured to Beall.   A

judgment, under the law in force when this cause of Bonson's was determined, is declared to be a final adjudication of a civil action. Under the Revision, § 3121, a judgment is said to be a final adjudication of the rights of the parties in an action. Under § 3123 of the Revision, it is provided that the court may determine the ultimate rights of the parties on the same side, as between themselves, and may grant to any party any affirmative relief which he may be entitled to, and render judgment accordingly, and may render such and so many judgments, joint, separate, and cross, as may be necessary to express the rights of the parties. Granting to the court the full power here given, yet we do not think that it could render a judgment in favor of one defendant against a co-defendant, without such judgment being asked for, and unless there was an adjudication of the claims existing between such parties. Beall did not ask for a judgment against West. The mortgage and note are neither set out in the pleadings. No amount is claimed to be due, nor is there an order that execution issue in favor of Beall for the purpose of enforcing the decree of the court, or to make the amount due out of other property, in case the property ordered to be sold should not sell for a sufficient sum to pay said debt.

In order that the liability of the co-obligors should be merged, as claimed, there should be such a judgment as would give to the holder of the note a full and complete remedy, and that could be enforced against the maker whom he had sought to make liable, and which the defendant could plead in bar to another suit upon the same cause of action.

The cases cited by appellant tend to show that where there has been a judgment against one of several joint makers of a promissory note, the other makers are released by this act of the holder of the note; that the liability of all of the makers becomes merged in such judgment. We do

not propose to controvert this rule, as we think it not applicable to this case. We assume that there was no judgment in favor of Beall upon the note when plaintiff's action in this case was commenced.

Affirmed.